*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

MUSTAFA ALMURISI,

      Plaintiff-Appellant,

v

AVIS BUDGET CAR RENTAL, LLC,

      Defendant-Appellee.

UNPUBLISHED
March 4, 2021

No. 348805
Wayne Circuit Court
LC No. 18-004875-NF

Before: SWARTZLE, P.J., and BECKERING and GLEICHER, JJ.

PER CURIAM.

In this first-party action for personal protection insurance benefits (PIP benefits) under Michigan's no-fault act, MCL 500.3101 *et seq*., plaintiff Mustafa Almurisi appeals by right the trial court's grant of summary disposition in favor of defendant Avis Budget Car Rental, LLC. Because the outcome of this appeal is compelled by the holding in *Turner v Farmers Ins Exch*, __ Mich __; 953 NW2d 204 (2021), we affirm.

The material facts of this case are brief and undisputed. On May 6, 2017, Bashaar Kaid rented a BMW registered in New York from Avis's LaGuardia Airport facility. The vehicle was driven to Michigan and, on May 11, 2017, plaintiff was injured while riding in the vehicle when it was involved in an accident in Dearborn. Avis self-insured the vehicle, and the vehicle had not been operated in Michigan for more than 30 days within the calendar year. Plaintiff sued the rental company for PIP benefits under the Michigan no-fault act, specifically MCL 500.3114(4)(a).

The accident occurred prior to the effective date of recent amendments to the no-fault act, 2019 PA 21, and therefore the pre-amendment version of the act applies. Under former MCL 500.3114(4)(a), "The insurer of the owner or registrant of the vehicle" involved in an accident must pay PIP benefits to a person who suffered "accidental bodily injury" while occupied in that vehicle. Our Supreme Court recently clarified in *Turner* that, for purposes of the statute, "an owner or registrant of a vehicle must maintain security for the payment of no-fault benefits (i.e., obtain a no-fault insurer) when the vehicle is either required to be registered in this state or operated in this state for more than 30 days within the calendar year." *Turner*, 953 NW2d at 205. Similar to the circumstances in *Turner*, Avis is in the business of renting vehicles, the vehicle involved in this

accident was not required to be registered in Michigan, and the vehicle had not been operated in Michigan for more than 30 days within the calendar year. Accordingly, as with the defendants in *Turner*, Avis was not required to obtain no-fault insurance on the vehicle, it was not "[t]he insurer of the owner or registrant of the vehicle" for purposes of former MCL 500.3114(4)(a), and it was not liable to plaintiff for PIP benefits.

In the alternative, plaintiff argues that Avis admitted liability and should be estopped from challenging it now. This argument, however, was not included in the questions presented on appeal, and, as a result, the argument is waived. *English v Blue Cross Blue Shield of Mich*, 263 Mich App 449, 459; 688 NW2d 523 (2004). In any event, the argument is without merit (1) as the letter that plaintiff relies on specifically states that his eligibility for benefits was still under review and investigation, and (2) the discovery response that plaintiff further relies on includes an express assumption—not a concession—as to plaintiff's eligibility for benefits.

Affirmed. As the prevailing party, Avis may tax costs. MCR 7.219(F).


/s/ Brock A. Swartzle
/s/ Jane M. Beckering
/s/ Elizabeth L. Gleicher